**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111341

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE M. INDIMINE and GENINE IADEVAIO,<br><br>Plaintiffs,<br><br>vs.<br><br>DIVERSIFIED CONSULTANTS INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

LAWRENCE M. INDIMINE and GENINE IADEVAIO (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against DIVERSIFIED CONSULTANTS INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiffs owe a debt ("the debts").

11. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect Plaintiff INDIMINE's alleged debt, Defendant contacted Plaintiff INDIMINE by letter dated June 17, 2016. ("Exhibit 1.")

15. In its efforts to collect Plaintiff IADEVAIO's alleged debt, Defendant contacted Plaintiff IADEVAIO by letter dated February 5, 2016 ("Exhibit 1.")

16. The letters are identical in all material respects.

17. The letters were the initial communications to each Plaintiff received from Defendant.

18. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## Failure to Adequately Convey the Amount of the Debt

19. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

20. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

21. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

22. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

23. Both letters indicate only a "Current Balance."

24. The letter to Plaintiff INDIMINE indicates "Non-interest Charges or Fees" of $116.82.

25. The letter Plaintiff IADEVAIO indicates "Non-interest Charges or Fees" of $275.94.

26. The letters fail to itemize those "Non-interest Charges or Fees."

27. The letters fail to disclose whether the balances stated may increase further due to those "Non-interest Charges or Fees."

28. The letters fail to disclose whether the balances stated may increase further due to interest.

29. The least sophisticated consumer would be confused as to how she could satisfy the debt.

30. The least sophisticated consumer might believe she could pay the debt in full by remitting the sum stated in the letter at any time after she received the letter.

31. Such a belief may or may not be correct, as the letters fail to disclose whether the balance may increase due to interest, charges, or fees.

32. If interest, charges, or fees continue to accrue after the date of the letters, the least sophisticated consumer would not know how to satisfy the debt because the letters fail to indicate the applicable interest rate or amount of additional charges or fees applicable.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

33. Conversely, the least sophisticated consumer might believe she may pay the debt in full by remitting the sum stated in the letters at any time after the date of the letters.

34. Defendant failed to clearly state the amount of the debts.

35. Defendant failed to unambiguously state the amount of the debts.

36. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

37. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

38. Because of this failure, Plaintiffs were confused as to the amount of the debt.

39. Because of this failure, Plaintiffs were uncertain as to the amount of the debt.

40. Defendant has violated the FDCPA because the letters fail to disclose whether the stated balances may increase due to interest and fees.

41. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debts.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

42. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

45. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

46. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

48. The letters fail to disclose whether the stated balances may increase due to interest, charges or fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

49. Plaintiffs were unaware of whether the stated balances may increase due to interest, charges or fees.

50. The letters can be read to have two or more meanings.

51. The letters can reasonably be read to mean that the stated balances are static.

52. The letter can also reasonably be read to mean that the stated balances may increase due to interest, charges or fees.

53. Plaintiffs' ability to know how they could satisfy the debt was frustrated.

54. Defendant violated § 1692e by its failure to disclose whether Plaintiffs' stated balances may increase due to interest and fees.

55. Because the letters can be reasonably read to have two or more different meanings, one of which is inaccurate, as described above, they are deceptive within the meaning of 15 U.S.C. § 1692e.

56. Because the letters are reasonably susceptible to an inaccurate reading, as described above, they are deceptive within the meaning of 15 U.S.C. § 1692e.

57. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect the debts.

## JURY DEMAND

58. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff INDIMINE pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff IADEVAIO pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' actual damages; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: August 4, 2016

        **BARSHAY SANDERS, PLLC**

        By: \_/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiffs*
        Our File No.: 111341